UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STONEY GLENN,

    Plaintiff,

v.                                                       Case No. 3:21cv1014-LC-HTC

NURSE JORDAN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Stoney Glenn, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. §1983. ECF Doc. 1. Plaintiff's complaint was not accompanied by a motion to proceed *in forma pauperis* or the Court's $402.00 filing fee. *See* Local Rule 5.3 ("A party who files or removed a civil case must *simultaneously* either pay any fee required . . . or move for leave to proceed *in forma pauperis*.") (emphasis added). The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Despite Plaintiff's failure to comply with Rule 5.3 and his use of the wrong complaint form, for judicial efficiency, the undersigned reviewed the complaint and recommends this action be DISMISSED as

malicious for abuse of the judicial process for Plaintiff's failure to disclose his complete litigation history. Additionally, because the claims alleged are also barred by the statute of limitations, the dismissal is one with prejudice.

## I. STANDARD OF REVIEW

Because Plaintiff is an inmate seeking relief against governmental employees, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## II. DISCUSSION

On September 6, 2021, Plaintiff initiated this action by filing a civil rights complaint based on the medical treatment he received in 2015, the same claim he asserted in at least four (4) other prior cases, all of which were dismissed. Thus, as an initial matter, Plaintiff's claims are barred by the 4-year statute of limitations. "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); *see* Fla. Stat. § 95.11(3)(p). Thus, "[p]laintiffs must bring a section 1983 claim arising in Florida within four years of the alleged unlawful [conduct]." *Rojas*, 311 F.3d at 1103; *Barcelona v. Fogelgren*, 664 F. App'x

884, 886 (11th Cir. 2016) (affirming denial of amendment to add equitable estoppel argument to time-barred claim).

As an additional matter, this action should be dismissed for Plaintiff's failure to provide truthful responses to questions on the complaint form asking Plaintiff about his prior litigation history. Notably, despite signing his name after the following statement: "I certify to the best of my knowledge, information, and belief that . . . the factual contentions have evidentiary support [and] the complaint otherwise complies with the requirements of Rule 11," Plaintiff failed to disclose *seven (7)* actions which he previously filed.

Section VIII. of the complaint form, asks Plaintiff to identify any suits he has filed which qualify as a strike under 28 U.S.C. § 1915(g) for failure to state a claim, as malicious or frivolous, or as being against immune defendants. Plaintiff responded that no such cases exist. That representation was not correct. In 2019, Plaintiff filed *Glenn v. Centurion, et al.,* 3:19-cv-4890 (N.D. Fla. 2019), a case involving similar facts, and a dismissal order which specifically stated it was being dismissed under § 1915(e)(2)(B)(ii) – a strike dismissal. In 2020, Plaintiff filed *Glenn v. Smith*, 3:20cv5603 (N.D. Fla. 2020), which was also dismissed as a strike. While Plaintiff did identify *Glenn v. Smith*, in response to a question about other actions involving similar facts (the only case he disclosed) – he did not disclose it as a strike.

Case No. 3:21cv1014-LC-HTC

Section VIII.A. of Plaintiff's complaint specifically asks: "Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?" ECF Doc. 1 at 9. Plaintiff checked "Yes," which required him to "describe *each* lawsuit . . . below" and to "describe . . . additional lawsuits on another page." *Id.* As stated above, Plaintiff identified only the *Smith* case. He did not identify the *Centurion* case or two other cases, also involving the same facts: (1) *Glenn v. Inch*, 3:19-cv-3851 (N.D. Fla. 2019) and (2) *Glenn v. A. Powell*, 3:20-cv-5688 (N.D. Fla. 2020).

Subsection VIII.C. asks: "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" and directs Plaintiff to list those cases in subsection D. *Id.* at 9. Plaintiff checked the box next to the answer "No. *Id.* at 10. This answer is also not truthful.

Plaintiff did not disclose *Glenn v. Lexington County Jail*, 2009-cv-712 (D.S.C. 2009), involving claims that jail personnel failed to house Plaintiff in a separate pod as a co-defendant, *Glenn v. Officer Willis*, 4:20-cv-256 (N.D. Fla. 2020), involving claims that jail personnel failed to transport Plaintiff to court in a wheelchair, *Glenn v. Shippy, et al.*, 4:12-cv-556 (N.D. Fla. 2012), involving claims that Plaintiff was denied due process and subjected to cruel and unusual punishment when he was denied bond, and *Glenn v. Metts, et al.*, 2010-cv-747-TLW-PJG (D.S.C. 2010),

involving claims of verbal and sexual abuse arising out of his pretrial detention. Plaintiff failed to disclose any of these actions.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Moreover, as a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete their complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC,* 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson,* 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). "A

plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

The Court should not allow Plaintiff's false response to go unpunished. As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC. Thus, Plaintiff's failure to disclose is a malicious and an abuse of the judicial process and is a sufficient ground for dismissal. As stated above, because Plaintiff's claims are also barred by the 4-year statute of limitations, the dismissal is necessarily with prejudice.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED as malicious for Plaintiff's abuse of the judicial process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and, also, as barred by the statute of limitations.

2. The clerk be directed to close this file.

At Pensacola, Florida, this 20th day of September, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.